UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 11-121-HRW

BARBARA HELTON, PLAINTIFF,

v.   MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on April 25, 2008, alleging disability beginning on October 31, 2007, due to "Wrist-cysts, Endometriosis, Fibromyaligia, back and neck pain, Tendon tear in feet, possible Charcot Marie Tooth Disease. HBP/cholesterol" (Tr. 158). This application was denied initially and on reconsideration (Tr. 117-120, 122-124).

On November 12, 2009, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Ralph M. Crystal, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On November 25, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 21-32).

Plaintiff was 50 years old at the time of the hearing decision (Tr. 109). She has a high school education (Tr. 165). Her past relevant work experience consists of work as a secretary and pharmacy technician (Tr. 159).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffers from mild osteoarthritis of the left shoulder, status post tendon debridement with repair and chronic pain with mild foot osteoarthritis and possible sural, plantar sensori-motor neuropathy, which he found to be "severe" within the meaning of the Regulations (Tr. 23-26).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 26).

The ALJ found that Plaintiff could return to her past relevant work (Tr. 29-30). He also determined that she has the residual functional capacity ("RFC") to perform The ALJ then determined that Plaintiff had a residual functional capacity (RFC) to perform light work with the following

3

restrictions: no more than frequent pushing or pulling with the left arm, no more than frequent pushing or pulling with her legs, occasionally use foot controls, occasionally climb stairs or ramps, never climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, or crouch, never crawl, and no more than frequent reaching overhead with her left arm (Tr. 26).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 30-31).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 1, 2011 (Tr. 1-3).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment.

### III. ANALYSIS

#### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B.   **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to give adequate reasons for rejecting the opinion of treating physician, James Rollins, M.D.; (2) the ALJ did not consider the combined effects of Plaintiff's impairments and (3) the ALJ failed to consider the durational requirement of substantial gainful activity. [Plaintiff's brief, Docket No.

8, p. 2]

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to give adequate reasons for rejecting the opinion of treating physician, James Rollins, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In this case, the ALJ rejected the medical source statement submitted by Dr. Rollins, in which he, essentially, opined Plaintiff was disabled (Tr. 701). The ALJ explained, in detail, his reasons for doing so. First, Dr. Rollins' opinion is not consistent with the other, credible medical statements in the record. No other physician, whether treating, examining or consultative, suggested such extreme restrictions with regard to Plaintiff's ability to perform work activity. Indeed, the record is all but devoid of any restrictions.

Further, as the ALJ noted, Plaintiff's testimony and evidence in the record of her daily activities undermines Dr. Rollins' opinion of disability. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). In this case, Plaintiff indicated in her Function Report that she took care of her dogs, prepared simple meals, did laundry, dusted, swept, mopped, and vacuumed with pain, but multiple times per week (Tr. 181, 183).

Finally, the ALJ did not err in disregarding Dr. Rollins' conclusory opinion. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Given the lack of corroborating statements and supporting evidence, the Court finds no error in the ALJ's rejection of Dr. Rollins' opinion. The Court also finds that the ALJ stated his reasons for doing so adequately in the hearing decision.

Plaintiff's second claim of error is that the ALJ did not consider the

7

combined effects of Plaintiff's impairments.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 23). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

Finally, Plaintiff contends that the ALJ failed to consider the durational requirement of substantial gainful activity.

The plaintiff cites the Ninth Circuit Court of Appeals case *Gatliff v.*

8

*Commissioner of Social Security Administration*, 172 F.3d 690 (9th Cir. 1999) in support of his argument.

*Gatliff* is not persuasive. In that case, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. *Id.* at 692. In this case, Plaintiff has not identified similar evidence.

Moreover, this Court has repeatedly rejected any suggestion of a separate durational requirement. *See e.g. Durham v. Astrue,* No. 6:09-202-DCR, 2010 WL 672136, at *6 (E.D. Ky. Feb. 22, 2010).

Therefore, Plaintiff's argument in this regard lacks merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of May, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge